Last revised 9/1/10

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

IN RE: Elaine Steele                             CASE NO.:    __05-31962_____

                                                 JUDGE:       _____

                    (Debtor)                     CHAPTER:            13

## CHAPTER 13 PLAN AND MOTIONS

____  Original            _X_  Modified/ Notice Required   _X_  Discharge Sought

____  Motion Included     ____  Modified/No Notice         ____  No Discharge Sought

                                 Required

Date:  _____

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. It contains an important supplement to section 4 regarding secured claims.  The supplement sets out filing requirements for proofs of claim for secured claim and requirements regarding claims secured by a security interest in the debtor's principal residence, including notice of payment changes and notice of fees, expenses and charges incurred in connection with the claim after the bankruptcy is filed. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

PART 1.    **PAYMENT AND LENGTH OF PLAN**

a. The Debtor shall pay $_____ per _month_ to the Chapter 13 Trustee, starting on _____ for approximately __months.

b. The Debtor shall make plan payments to the Trustee from the following sources:

____    Future Earnings

    ____ Other sources of funding (describe source, amount and date when funds are available) _____

  c. ____ Use of real property to satisfy plan obligations:

    _____ Sale following assets _____ on or before _____

    _____ refinance following assets _____ on or before ___

    _____ Loan Modification with respect to mortgage encumbering the

    following property _____ on or before _____

  d. ____ The regular monthly mortgage payments will continue pending the sale, refinance or loan modification

  e. ____ Other information that may be important relating to the payment and length of the plan.

PART 2. **ADEQUATE PROTECTION**

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor outside, pre-confirmation to _____ (creditor).

Part 3. **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| The Law Office of Peter E. Zimnis, Esquire | Administrative | $per ct order |
| Albert Russo, Trustee | Administrative | $tbd |
| IRS | Priority | $to be paid outside of plan |
| NJ Div of Taxation | Priority | $to be paid outside of plan |

PART 4. **SECURED CLAIMS**

**[please see the Supplement to this section containing information regarding secured claims. It is located at the end of the plan]**

a. **Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Pemberton | House | Per POC's | | Per POC's | |
| Americredit | Car | $1111.84 | | $1111.84 | |
| IRS | Statutory lien | $6146.40 | | $6146.40 | |
| NJ Taxes | Statutory lien | $1076.72 | | $1076.72 | |
| Citifinancial Mort | House | Outside plan | | To be paid Outside plan | |

b. **Modification**

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral" plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

NOTE: A modification under this section also requires the appropriate motion to be filed under Section 7 of the Plan

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| Ford Motor | 99 Mercury Sable | $13,000 | $4900 | | $4900 | 6% | $5340 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

c. **Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

    d. **Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan: _____

_____

    e.    Secured Claims to be paid in full through the plan:

| Creditor | Collateral | Total Amount to be paid through the plan | |
|---|---|---|---|
|  |  |  |  |

Part 5. **UNSECURED CLAIMS**

    a. **Not separately classified**   Allowed non-priority unsecured claims shall be paid:

        ____   Not less than $_____ to be distributed *pro rata*

        ____   Not less than _____ percent

        _X_   Pro rata distribution from any remaining funds

    b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

PART 6.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed**:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

PART 7.    **MOTIONS**

**NOTE: All Plans including motions must be served separately in accordance with D.N.J. LBR 3015-1. Proof of service of compliance with this requirement must be filed with the Court**

**Where a motion to avoid liens or partially avoid liens has been filed in the plan, a proof of claim filed that asserts a secured claim that is greater than the amount to be paid in the plan serves as opposition to the motion, and serves as an objection to confirmation. The proof of claim shall be served in accordance with D.N.J. LBR 3015-6(a). The creditor shall file a proof of service prior to the scheduled confirmation hearing. In order to prosecute the objection, the creditor must appear at the confirmation hearing, which shall be the hearing on the motion. Failure to appear to**

**prosecute the objection may result in the motion being granted and the plan confirmed pursuant to the terms as set forth in the plan.**

    a.    **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| Ford Motor Credit | Mercury Sable | $4900.00 |  |

PART 8.    **OTHER PLAN PROVISIONS**

    a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

        __X__ Upon Confirmation

        ____ Upon Discharge

    b. **Payment Notices** Creditors and Lessors provided for in Sections 3 , 5 or 6 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

        1) Trustee Commissions/Debtor's counsel

        2) DSO (if applicable)

        3) Secured Claims

        4) Priority claims

        5) General Unsecured claims

      d. **Post-petition claims** The Trustee \_\_\_\_ is   \_X\_\_ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

      PART 9.      **MODIFICATION**

      If this plan modifies a plan previously filed in this case, complete the information below.

      Date of plan being modified: _____

      Explain below why the plan is being modified  \_\_Real property is being paid outside  of the plan in order to receive a discharge_____

      Explain below how the plan is being modified _____

_____

      Are schedules I and J being filed simultaneously with this plan? \_\_\_\_ yes        \_\_\_\_ no

      PART 10      **SIGN HERE**

      The Law Office of Peter E. Zimnis

Date _____      \_\_\_/s/ John A. Zimnis_____
      Attorney for the Debtor

I hereby certify under penalty of perjury that the foregoing is true and correct.

Date _____      \_\_\_/s/  Elaine Steeele\_\_\_\_\_
      Debtor

Date _____      \_\_/s/_____
      Joint Debtor (if any)

SUPPLEMENT TO CHAPTER 13 PLAN & MOTIONS

PART 4        Secured claims

1. **Proof of claim, Supporting Information, Additional Statements**
    (a) **Itemized Statement of Interest Fees and Expenses.** If, in addition to its principal amount, a claim includes interest, fees, expenses or other charges incurred prior to the date of the petition, an itemization of the interest, fees, expenses or charges shall be filed with the proof of claim. The claim may also include charges pursuant to D.N.J. LBR 2016-1(j)(3).

    (b) **Statement of Cure Amount.** If a security interest is claimed in property of the debtor, the proof of claim shall include a statement of the amount necessary to cure any default as of the date of the petition and any charges pursuant to D.N.J. LBR 2016-1(j)(3).

    (c) **Escrow Account.** If a security interest is claim in property that is the debtor's principal residence and an escrow account has been established in connection with the claim, the proof of claim shall be accompanied by an escrow account statement prepared as of the date of the filing of the petition, in a form consistent with the applicable nonbankruptcy law.

    (d) **Failure to Provide Supporting Information.** If the holder of a claim fails to provide the information required in subdivisions (a), (b) and (C) above, the court may after notice and a hearing, take either or both of the following actions:

    **(i)** Preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter, or adversary proceeding, unless the failure was substantially justified or is harmless, or
    **(ii)** Award other appropriate relief, including reasonable expenses and attorney's fees caused by this failure.

2. **Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence**

    (a) **Notice of Payment Changes.** If a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to Section 1322(b)(5) of the Code, the holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee notice of any change in the payment amount, including changes that result from interest rate and escrow adjustment, at least 21 days before a payment at a new amount is due

    (b) **Form and Content.** The Local Form designated as *Notice of Payment Change* may be filed and served. The notice shall not be subject to Rule 3001(f)

    (c) **Notice of Fees, Expenses and Charges.** If a claim secured by a security interest in the debtor's principal residence is provided for under the debtor's plan pursuant to Section 1322(b)(5) of the code, the holder of such claim shall file and serve on the debtor, debtor's counsel and the Trustee the Local Form designated as Notice of Fees, Expenses and Charges itemizing all fees, expenses, or charges incurred in connection with the claim (i) after the bankruptcy case was filed, and (ii) that the holder asserts

        are recoverable against the debtor or against the debtor's principal residence. The notice shall be filed and served within 180 days after the date when such fees, expenses or other charges are incurred.

(d) **Determination of Fees, Expenses and Charges.** On motion of the debtor or Trustee filed within one year after service of the notice required by subdivision ©, the Court shall after notice and hearing, determine whether payment of the fees, expenses or charges is required by the underlying agreement and applicable nonbankruptcy law to cure the default or the maintenance of payments in accordance with Section 1322(b)(5) of the Code.

(e) **Response to Notice of Fees, Expenses and Charges.** If the debtor does not object to the Notice of Fees, Expenses and Charges, or if the debtor's objection is overruled, the debtor shall either 1) pay off post petition amounts included in the Notice of Fees, Expenses and Charges; 2) enter into an agreed order allowing the claim to be paid by the Trustee; or 3) take no action and the amounts claimed shall be deemed allowed, but will not be paid by the Trustee nor be discharged upon closure of the case

(f) **Application of Payments.** The holder of a claim secured by a security interest in the debtor's principal residence shall apply payments from the Trustee to arrears being cured and payments from the debtor to maintain post petition monthly payments.

(g) **Notice of Final Cure payment.** Within 30 days of making the final payment of any cure amount made on a claim secured by a security interest in the debtor's principal residence, the Trustee in a chapter 13 case shall file and serve upon the holder of a claim, the debtor, and the debtor's counsel a notice stating that the amount required to cure the default and/or approved post petition payments due to be paid through the chapter 13 plan have been paid in full.

(h) **Response to Notice of Final Cure Payment.** Within 21 days of the date of the notice pursuant to subdivision (g) above, the holder shall file and serve on debtor, debtor's counsel and the Trustee a statement indicating 1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim and 2) the debtor is otherwise current on all payments consistent with Section 1322(b)(5) of the Code. The statement shall contain an itemization of any required cure or post petition amounts that the holder contends remain unpaid in connection with the security interest as of the date of the statement. The statement shall not be subject to Rule 3001(f)

(i) **Determination of Final Cure Payment.** On motion of the debtor or Trustee filed no later than 21 days after service of the statement given pursuant to subdivision (h) above, the Court shall after notice and hearing, determine whether the debtor has cured the default and paid in full all post petition amounts..

(j) **Order Deeming Mortgage Current.** If the holder of the secured claim fails to respond to the Trustee's Notice of Final Cure Payment given pursuant to subdivision (g) above, the debtor may submit a proposed order which deems the mortgage current. The proposed order shall be served on the holder of the secured claim and the trustee. The parties served with the order shall have 7 days to file and serve an objection. A hearing may be conducted on the objection in the Court's discretion.

(k) **Failure to Notify.** If the holder of a claim fails to provide information required by subdivision (a), (C) or (h) above, the Court may, after notice and hearing, take either or both of the following actions:

    **(i)** Preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter, or adversary proceeding, unless the failure was substantially justified or is harmless, or

    **(ii)** Award other appropriate relief, including reasonable expenses and attorney's fees caused by this failure.